**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**DAVID T. LONG, et al.,**                )
                                                    )
    **Plaintiffs,**                        )
                                                    )
          **v.**                                    ) Civil Action No. 02-1374 (JDB)
                                                    )
**HOWARD UNIVERSITY,**           )
                                                    )
    **Defendant.**                        )
_____)


## HOWARD UNIVERSITY'S FIRST NON-STANDARD JURY INSTRUCTION

### (Academic Programs and the American with Disabilities and Rehabilitation Acts)

Title III of the American with Disabilities Act as well as Section 504 of the Rehabilitation Act, provide, in part, that no student shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at postgraduate private schools, or in other places of education, or in any University program or activity that receives grants or federal financial assistance. Consequently, the ADA and the Rehab Acts require colleges and universities to reasonably modify its policies, practices or procedures so that students with disabilities can participate in its programs.

To make out a case against Howard University under both the American with Disability and Rehabilitation Acts, the Longs must show that David Long (1) is disabled; (2) is "otherwise qualified" to now enter the Ph.D. Physiology and Biophysic's program at the place where he left off in 1991, i.e., - - - twenty-five years after entering the University's program, with or without reasonable accommodation; (3) sought

accommodation for his disability and the University failed to reasonably modify its Graduate Rules to accommodate Long's breathing and walking limitations that results from his disability; and that (4) the University is a private entity that operates a place of public accommodation and receives federal financial assistance.

An "otherwise qualified" student is an individual who, although disabled, meets the academic and technical standards required for admission or participation in the University's doctoral program.

However, a disabled student is not entitled to receive whatever modification he thinks might accommodate his limitations.  Nor is he entitled to obtain an advantage over his non-disabled peers.  Rather, the ADA and the Rehab Acts mandate that Colleges and Universities make only those reasonable modifications to its Rules that are *necessary* to give a disabled student the same opportunity to obtain the offered benefit that he would have had were it not for the limitations caused by his disability, and even then, only to the extent that the necessary modifications would not *fundamentally alter* the nature of the benefit (i.e. policies or program).  Modifications to a college program may include changes in the length of time permitted for the completion of degree requirements, substitution of specific courses required for the completion of a degree, and adaptation of the manner in which specific courses are conducted.

*Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999); 42 U.S.C. §§12181-12182; 29 U.S.C. § 794; *Wynne v. Tufts Univ. School of Medicine (Wynne I)*, 932 F.2d 19, 27 (1st Cir. 1991); 34 C.F.R. §104.44(a); *Wynne v. Tufts Univ. Sch.of Med (Wynne II)*, 976 F.2d 791, 795 (1st Cir. 1992); *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 821 (9th Cir. 1999). *Dempsey v. Ladd*, 840 F.2d 638, 640 (9th Cir. 1988); 42 U.S.C. § 12133; *Bragdon v. Abbott*, 524 U.S. 624 (1998); 34 C.F.R. § 104.3 (k)(3).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **DAVID T. LONG, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 02-1374 (JDB) |
| | ) |
| **HOWARD UNIVERSITY,** | ) |
| | ) |
| Defendant. | ) |

**<u>HOWARD UNIVERSITY'S SECOND NON-STANDARD JURY INSTRUCTION</u>**

**(Academic Programs and the American with Disabilities and Rehabilitation Acts)**

A University is not obligated to provide an accommodation to a student under the American with Disabilities and Rehabilitation Acts until the student has provided a proper diagnosis of his claimed disability and has specifically requested an accommodation to the physical limitations that results from the disability. In other words, the law imposes a duty on the student to request a modification to his academic program because of his limitations. Consequently, if you find that David Long failed to request an accommodation or modification to his academic program, then you must find that Howard University is not liable for failing to provide an accommodation or a modification to its Rules.

The requested accommodations must render the student qualified for admission into the doctoral program. Thus, if you find that Long requested modification to the University's Graduate Rules, and that the modification would not have rendered David Long qualified for the doctoral program, you must find for Howard University.

*Kaltenberger v. Ohio College of Podiatric Medicine*, 162 F.3d 432, 437 (6th Cir. 1998); *U.S. Airways Inc. v. Barnett*, 535 U.S. 391, 401-402 (2002); *Falcone v. University of Minnesota*, 388 F.3d 656, 660 (8th Cir. 2004), *cert. denied*, 544 U.S. 1049 (2005); *Taylor v. Principal Financial Group Inc.*, 93 F.3d 155 (5th Cir. 1996).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
**DAVID T. LONG, et al.,**          )
                                    )
    **Plaintiffs,**              )
                                    )
        v.                  )  Civil Action No.  02-1374 (JDB)
                                    )
**HOWARD UNIVERSITY,**              )
                                    )
    **Defendant.**               )
_____)

## HOWARD UNIVERSITY'S THIRD NON-STANDARD JURY INSTRUCTION

**(Burden of Proof – American with Disabilities and the Rehabilitation Acts)**

In the school context, the Plaintiffs here, David and Karen Long, bear the burden of establishing that David Long is a qualified student - - - that he is able to meet Howard University's doctoral requirements with or without the aid of reasonable accommodations. Because the Longs allege that HU failed to accommodate him, his initial burden includes showing the existence of a reasonable accommodation that would meet the University's academic requirements. What is reasonable in one situation may not be reasonable in a different situation, even if the situational differences are slight.

Once the Plaintiffs have produced evidence to show that there exists a reasonable accommodation that would have given David Long the opportunity to meet the University's doctoral requirements, Howard could then show that the accommodation requested by David Long is not necessary or would have required a fundamental or substantial modification of its doctoral program. Howard University may also meet its burden by showing that the reasonable accommodation requested by David Long would

5

not have enabled David Long to meet the University's academic standards.  Jurors must give deference to an educational institution's determination that a reasonable accommodation is not available.

*Zukle v. Regents of the University of Calf.*, 166 F.3d 1041, 1047 (9th Cir. 1999); *Wynne v. Tufts Univ. School of Medicine (Wynne I)*, 932 F.2d 19, 27 (1st Cir. 1991); 34 C.F.R. §104.44(a); *Wynne v. Tufts Univ. Sch.of Med (Wynne II)*, 976 F.2d 791, 795 (1st Cir. 1992).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **DAVID T. LONG, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-1374 (JDB) |
| | ) | |
| **HOWARD UNIVERSITY,** | ) | |
| | ) | |
| Defendant. | ) | |

## HOWARD UNIVERSITY'S FOURTH NON-STANDARD JURY INSTRUCTION

### (Modification of University Rules Under the ADA and Rehabilitation Act)

The American with Disabilities and Rehabilitation Acts only require a University to make *necessary* and reasonable modifications to its program to accommodate limitations (i.e. breathing and walking) that result from a disability. In other words, it is the limitation arising from the disability that determines the need for accommodation, not merely the existence of the disability. Consequently, a student is required to causally link his disabling limitation (i.e. walking/breathing) with the need for the accommodation sought.

If you, the jury, finds that Long's walking and breathing limitations did not prevent Long from completing his dissertation and thus, did not require the University to modify the Graduate School's academic policies, then you must find that Long's requested modifications were unreasonable and not necessary for Long to obtain a doctorate degree.

*Amir v. St. Louis University*, 184 F.3d 1017, 1029 (8th Cir. 1999); *Taylor v. Principal Financial Group Inc.*, 93 F.3d 155, 164 (5th Cir. 1996).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **DAVID T. LONG, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-1374 (JDB) |
| | ) | |
| **HOWARD UNIVERSITY,** | ) | |
| | ) | |
| Defendant. | ) | |

## HOWARD UNIVERSITY'S FIFTH NON-STANDARD JURY INSTRUCTION

**(Modification of University Rules Under the ADA and Rehabilitation Act)**

Although colleges and Universities are required to make reasonable and necessary modifications in their programs to accommodate a handicapped student, they are not required to lower, *fundamentally alter*, or *substantially modify* their program standards to accommodate a handicapped person.

You the jury must find for Howard University if you conclude that providing David Long with waivers that would allow him to resume his studies where he left off in 1991 would fundamentally alter the Physiology and Biophysics program by either (1) undermining the program's academic integrity and prestige; (2) lessening the value of the Ph.D. degree; (3) affecting the University's accreditation; (4) downgrading the University's status in the global community; (5) affecting the recruitment of students and world class faculty; (6), and/or costing the University revenue from tuition and research grants.

*Southeastern Community College v. Davis*, 442 U.S. 397 (1979); *Alexander v. Choate,* 469 U.S. 287, 300 (1985).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**DAVID T. LONG, et al.,**                )
                                                    )
    **Plaintiffs,**                            )
                                                    )
           **v.**                                     )   **Civil Action No.  02-1374 (JDB)**
                                                    )
**HOWARD UNIVERSITY,**              )
                                                    )
    **Defendant.**                          )
_____)

## HOWARD UNIVERSITY'S SIXTH NON-STANDARD JURY INSTRUCTION

### (Deference Accorded to Universities Under the ADA and Rehabilitation Acts)

The discretion to determine, on academic grounds, who may be admitted to study is one of the four essential freedoms of a University.  Accordingly, Courts should show great respect for a faculty's professional judgment for admitting students into an academic program because they are ill-equipped to evaluate academic performance. University faculties must have the widest range of discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation. Courts must also give deference to professional academic judgments when evaluating the reasonable accommodation requirements.

If you find that Howard University's faculty tried to reasonably modify its Graduate Rules to accommodate Long's breathing and walking limitations so that he could meet his doctoral requirements, even if they were not necessary, and that the University has a demonstrated record that shows that it conscientiously carried out its obligations to modify its Rules so that Long could meet his doctoral degree requirements,

then you must defer to the faculty's professional judgment on how it modified its

Graduate Rules so that Long could meet his doctoral academic requirements.

 

     *Jung v. George Washington University,* No. 99-CV-1087 (D.C. May 26, 2005) (Wagner, C.J); *Alden v. Georgetown University*, 734 A.2d 1103 (D.C. 1999); *Sweezy v. New Hampshire*, 354 U.S. 234, 263 (1957) (Frankfurter, J., concurring); *Board of Curators of the University of Missouri v. Horowitz,* 435 U.S. 78 (1978)(an academic judgment of school officials that a student does not have the necessary clinical ability to perform adequately . . . is a determination calling for judicial deference); *Regents of University of Michigan v. Ewing,* 474 U.S. 214, 225 (1985); *McGregor v. Louisiana State University Board of Supervisors,* 3 F.3d 850, 859 (5th Cir. 1993); *Wynne v. Tufts University School of Medicine*, 976 F.2d 791, 795 (1st Cir. 1992); *Board of Curators of Univ. of Missouri v. Horowitz,* 435 U.S. 78 (1978); *University of California Regents v. Bakke,* 438 U.S. 265, 312 (1978) (Powell, J.).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**DAVID T. LONG, et al.,**         )
                                   )
    **Plaintiffs,**          )
                                   )
        **v.**            ) **Civil Action No. 02-1374 (JDB)**
                                   )
**HOWARD UNIVERSITY,**             )
                                   )
    **Defendant.**           )
_____)

## HOWARD UNIVERSITY'S SEVENTH NON-STANDARD JURY INSTRUCTION

### (Intentional Infliction of Emotional Distress)

Intentional infliction of emotional distress allows recovery without the presence of a physical injury. A Plaintiff may recover damages for this type of emotional distress when a defendant, " . . . without just cause or excuse, and beyond all bounds of decency, purposely causes a disturbance of another's mental and emotional tranquility of so acute a nature that harmful physical consequences might be not unlikely to result, even though no demonstrable physical consequences actually ensue." Defendant's conduct must be "wanton, outrageous in the extreme, or especially calculated to cause serious mental distress."

A Plaintiff cannot recover damages because he or she has suffered mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Damages for intentional infliction of emotional distress are only imposed when the conduct goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community. Severe emotional distress must have occurred and the conduct must

13

have been intentional.  Of course, subjective intent can rarely be proven directly.  Therefore, the requisite intent can be inferred, either from the very outrageousness of the defendant's acts or, for example, when the circumstances are such that "any reasonable person would have known that emotional distress and physical harm would result..."

Although actions that violate public policy, including discrimination, can constitute such extreme and outrageous conduct, the discrimination allegations must be "particularly egregious, such as the pattern or campaign of harassment, intimidation or abuse to rise to the level of extreme and outrageous conduct."

If you find that the University's decision not to waive the University's academic requirements for Long to re-enter the doctoral program so that he could continue where he left off in 1991 was not "wanton, outrageous in the extreme, or especially calculated to cause serious mental distress, " but was instead reasoned, and  rationally-related to the academic mission of the University, you must enter judgment in favor of Howard University on this claim.

*Howard Univ. v. Best*, 484 A.2d 958, 985 (D.C. 1984); *Waldon v. Covington*, 415 A.2d 1070 (D.C. 1980);  *Shewmaker v. Minchew*, 504 F.Supp. 156, 163 (D.D.C. 1980); *Clark v. Associated Retail Credit Men*, 105 F.2d 62, 65 (D.C. 1939); *Richardson v. Bell Atlantic Corp.*, 946 F.Supp. 54, 77 (D.D.C. 1996).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**DAVID T. LONG, et al.,**        )
                              )
    **Plaintiffs,**           )
                              )
        v.                   )   Civil Action No.  02-1374 (JDB)
                              )
**HOWARD UNIVERSITY,**            )
                              )
    **Defendant.**            )
_____)

## HOWARD UNIVERSITY'S EIGHTH NON-STANDARD JURY INSTRUCTION

### (Statute of Limitations)

The independent action for intentional infliction of emotional distress is governed by the general residuary three-year statute of limitation of D.C. Code §12-301(8).

Contract claims are barred by the three year statute of limitations period. D.C. Code 12-301(7).

An action accrues, and the statute of limitations begins to run, when a suit could first be maintained to a successful conclusion.

If you find that the Plaintiffs' emotional distress and breach of contract claims accrued before July 9, 1999, three years before they filed this lawsuit, both of these actions would be time-barred, and you should enter judgment in favor of Howard University.

*Saunders v. Massoud Nemati,* 580 A.2d 660 (D.C. 1990); *Bembery v. District of Columbia,* 758 A.2d 518, 520 (D.C. 2000).