**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **DAVID T. LONG,** |
| **Plaintiff,** |
| **v.** |
| **HOWARD UNIVERSITY,** |
| **Defendant.** |

**Civil Action No.  02-1374 (JDB)**

**ORDER**

Before the Court is plaintiff's motion to alter the judgment entered on September 5, 2007,

pursuant to Fed. R. Civ. P. 59(e).  That judgment was entered following a jury verdict for

defendant and the denial of plaintiff's post-trial motions.  Plaintiff contends that the Court held at

the conclusion of the jury trial on December 20, 2006, that plaintiff was entitled to further

proceedings on his equitable claims for relief under the Rehabilitation Act of 1973, as amended,

29 U.S.C. § 701 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§ 12101 et seq.  Hence, plaintiff requests that the portion of the judgment that resolves plaintiff's

equitable claims -- that is, the holding that those claims are barred by the statute of limitations --

should be vacated.  Defendant counters that plaintiff already had a full opportunity to present

evidence on the equitable claims during the jury trial and that, contrary to plaintiff's

characterization of the record, the necessity of further proceedings was questioned by the Court

and deferred pending the outcome of plaintiff's motion for new trial.

"'A Rule 59(e) motion is discretionary and need not be granted unless the district court

finds that there is an intervening change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice.'" Messina v. Krakower, 439 F.3d

755, 758-59 (D.C. Cir. 2006) (quoting <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir.

1996)); <u>see also</u> <u>Mobley v. Cont'l Cas. Co.</u>, 405 F. Supp. 2d 42, 45 (D.D.C. 2005) ("A motion for

reconsideration . . . will not lightly be granted.").  A Rule 59(e) motion "is not simply an

opportunity to reargue facts and theories upon which a court has already ruled."  <u>New York v.

United States</u>, 880 F. Supp. 37, 38 (D.D.C. 1995).  Nor is it "a vehicle for presenting theories or

arguments that could have been advanced earlier."  <u>Burlington Ins. Co. v. Okie Dokie Inc.</u>, 439 F.

Supp. 2d 124, 128 (D.D.C. 2006); <u>see also</u> <u>Kattan v. District of Columbia</u>, 995 F.2d 274, 276

(D.C. Cir. 1993).

As a threshold matter, the Court notes that it did not determine that further evidentiary

proceedings would be appropriate, although the Court's initial comments from the bench after the

return of the verdict, read in isolation, might be interpreted to that effect.  The full transcript of

the Court's comments, however, confirms that the Court anticipated no further proceedings if the

jury verdict on the statute of limitations was upheld.  After the Court's observation that questions

on the equitable claims remained pending after the jury verdict, the following exchange with

plaintiff's counsel took place:

> MR. WILLIAMS: If there were more evidence, how would the
> Court handle it?
>
> COURT: I'd hear it.
>
> MR. WILLIAMS: I know you'd hear it, but schedule-wise.
>
> COURT: If I thought it was admissible evidence that wasn't simply repeating
> things that had been done already.

Transcript at 2 (Dec. 20, 2006) (Pl.'s Mot. to Alter the Judgment, Ex. A).  Defense counsel then

addressed the Court, expressing his opposition to further evidentiary hearings on the equitable

claims, and the Court then agreed that further hearings would likely not be appropriate if the jury

verdict on the statute of limitations was upheld:

> MR. PRYWES: I don't really see what the point is with further
> evidence, given the verdict on the statute of limitations. . . .
> [U]nless the Court is prepared to disregard and reject the jury's
> conclusions on the statute of limitations, there is no need to plow
> through all the liability and all the injunctive relief issues. . . .
> . . . .
>
> THE COURT: . . . Is the process that you're advocating that before
> I delve into, to whatever extent I think is appropriate, the equitable
> claims, either under the ADA or under the Rehabilitation Act, I
> should first let any challenges to the jury's verdict play out?
> Because if the statute of limitations determination is not challenged
> . . . or if I do not overturn the jury's verdict on statute of
> limitations, then there's no sense in going any further.
>
> MR. PRYWES: Right . . . .

Id. at 3-5 (emphasis added). The Court then concluded, based on that exchange, that it would

deal with the motion for new trial before deciding how to proceed on the equitable claims. Id. at

5. Hence, plaintiff can claim no reasonable expectation of further evidentiary proceedings -- and

certainly no entitlement to such proceedings -- based on the Court's post-trial comments from the

bench.

The Court next considers whether one of the other grounds contemplated by Rule 59(e)

supports plaintiff's motion to alter the judgment -- an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice.

Plaintiff has alleged no error in the September 5, 2007 memorandum opinion supporting the final

judgment, nor does he suggest any change in the controlling law. Plaintiff refers only to his

intent to present "additional evidence" in support of his equitable claims, without identifying in

any manner what that evidence might be. Vague assertions of "additional evidence" cannot

support a Rule 59(e) motion which, like all other motions, is subject to the Rule 7(b) requirement

that a motion shall "state with particularity the grounds therefor."  See Talano v. Northwestern

Med. Faculty Found., 273 F.3d 757, 760 (7th Cir. 2001), cited with approval in Mashpee

Wampanoag Tribal Council v. Norton, 336 F.3d 1094, 1099 (D.C. Cir. 2003).  The standard for

"particularity" means "reasonable specification," and thus, for example, a general allegation that a

court has "misapplied" the law, without specifying the legal error, is insufficient to support a

Rule 59(e) motion.  Talano, 273 F.3d at 761.  In the same vein, a general reference to "additional

evidence," without identifying the evidence, is plainly insufficient to meet the requirement of

"reasonable specification" for a Rule 59(e) motion.

The Court observes that it is even difficult to imagine that there is additional evidence,

not presented at the jury trial, that might change the Court's assessment of the statute of

limitations here since the claims for damages and equitable relief under the Rehabilitation Act

and ADA are virtually identical.  Moreover, there was substantial evidence supporting the Court's

conclusion that the statute of limitations barred plaintiff's equitable claims -- far more than a

preponderance.  The notion that some additional fact -- one that plaintiff's counsel did not deem

sufficiently significant to present at the jury trial or identify in his motion -- might now change

that assessment is implausible.[1]

---

[1] Of course, if the additional evidence that plaintiff has in mind -- which he describes as "pertain[ing] directly to his claims for equitable relief," Pl.'s Motion at 2 -- goes to the merits of those claims and not to the statute of limitations issue, it would not impact the judgment here at all.

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's motion to alter the judgment pursuant to Fed. R. Civ. P. 59(e)

is **DENIED**.

This is a final appealable Order.  *See* Fed. R. App. P. 4(a).

/s/
_____
JOHN D. BATES
United States District Judge

Date:   October 25, 2007